**EXHIBIT 2**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Richard W. Wieking
Clerk of Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102



2007426286   12/19/2007 04:21 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:   24.00

3   PGS

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS
*This Document Provided by Fidelity National Title*

This Deed of Trust, made this __19th__ day of December 2007, between

Romana G. Elenes, an unmarried woman _____ herein called **Trustor**, whose address is 1122 98th Avenue Oakland CA 94603 _____, and Richard W. Wieking Clerk of Court United States District Court Northern District of California _____, herein called **Beneficiary**, whose address is _____ 450 Golden Gate Avenue, 16th Floor San Francisco CA 94102 _____ _____ and **Fidelity National Title**, A California corporation, herein called **Trustee**,

**Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Alameda County, California, described as:
Portion of Lot 2, Block E, Map of the Andrew Jones Subdivision in the Town of Brooklyn, filed September 30, 1892, Map Book 14, Page 3, Alameda County Records, described as follows:

Beginning at the point of the southeastern line of 98th Avenue, formerly Jones Avenue, distant thereon 67 feet, 6 inches southwesterly from the southwesterly line of "C" street, formerly 3rd Street, as said avenue and street are shown on said map; thence at right angles southeasterly 110 feet; thence at right angles northeasterly 32 feet, 6 inches; thence at right angles northwesterly 110 feet to the point of beginning.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $ _____ $150,000 _____ executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

## To Protect the Security of This Deed of Trust, Trustor Agrees:
(1) That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.
(2) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.
(3) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

PAGE 1

(4) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebdtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale. Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Dated: 12/19/07

x _Romane G Elenes_ _____

_ROMANA G. ELENES_ _____

---

STATE OF CALIFORNIA
COUNTY OF _____ San Francisco _____ }SS.

On December 19, 2007 before me, Alejandra Flores Notary Public,

personally appeared _____ Romana G. Elenes _____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon beh*** ALEJANDRA FLORES *** the instrument.

WITNESS my hand and official seal.

Signature _____

[Notary Seal: Commission # 1650557, Notary Public - California, San Francisco County, My Comm. Expires Mar 10, 2010]

(This area for official notarial seal)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

✱ BEHALL OF WHICH THE PERSON(S) ACTED EXECUTED THE

PAGE 3

**RECORDING REQUESTED BY:**
Fidelity National Title Company
Escrow No.: 06-346562-MG
Locate No.: CAFNT0901-0901-0003-0000346562
Title No.: 06-346562

**When Recorded Mail Document
and Tax Statement To:**

Romana G. Elenes
1122 98th Avenue
Oakland, CA 94603



2006229248   06/14/2006 08:30 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:   14.00

3 PGS

APN: 044-4976-004-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## INTERSPOUSAL TRANSFER DEED

(Excluded from reappraisal under California Constitution Article 13 A Section 1 et seq.)

The undersigned grantor(s) declare(s) removal of ex-spouse ☒ CODE 11927   DIVORCE

Documentary transfer tax is $ 0.00   City Tax is $ 0.00

[ ] Unincorporated area: [X] City of **Oakland**

This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code and Grantor(s) has (have) checked the applicable exclusion from reappraisal:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Francisco Elenes Perez, an unmarried man**

hereby GRANT(S) to **Romana G. Elenes, an unmarried woman**

the real property in the City of **Oakland**, County of **Alameda**, State of **California**:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

*✱*   THIS DOCUMENT IS ENTITLED TO AN EXEMPTION FROM
IMPOSITION OF THE DOCUMENTARY TRANSFER TAX PURSUANT
TO REVENUE AND TAXATION CODE SECTION 11927 (A). I
DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.

**MAIL TAX STATEMENT AS DIRECTED ABOVE**

UD-13C (Rev 12/95)   INTERSPOUSAL TRANSFER DEED
(Intrspsl)(02-06)

The grantor is executing this instrument for the purpose of relinquishing all of grantor's rights, title and interest, including, but not limited to, any community property interest in and to the land described herein and placing title in the name of the grantee as his/her separate property.

DATED: June 7, 2006

_Francisco Elenes Perez_
Francisco Elenes Perez

STATE OF CALIFORNIA
COUNTY OF Santa Clara
ON June 7, 2006 before me,
Ladeana Flowers Notary Public
(here insert name and title of the officer), personally appeared Francisco Elenes Perez

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.
Signature _Ladeana Flowers_

LADEANA FLOWERS
Commission # 1586161
Notary Public - California
Santa Clara County
My Comm. Expires Jun 9, 2009

LADEANA FLOWERS
1586161
CA SANTA CLARA
EXPIRES 6-9-09
925-426-5855

MAIL TAX STATEMENT AS DIRECTED ABOVE

UD-13C (Rev 12/95)
(Intrspsl)

INTERSPOUSAL TRANSFER DEED

Escrow No.: 06-346562-MG
Locate No.: CAFNT0901-0901-0003-0000346562
Title No.: 06-346562

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OAKLAND, COUNTY OF ALAMEDA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Portion of Lot 2, Block E, Map of the Andrew Jones Subdivision in the Town of Brooklyn, filed September 30, 1892, Map Book 14, Page 3, Alameda County Records, described as follows:

Beginning at the point of the southeastern line of 98th Avenue, formerly Jones Avenue, distant thereon 67 feet, 6 inches southwesterly from the southwesterly line of "C" Street, formerly 3rd Street, as said avenue and street are shown on said map; thence southwesterly along said line of 98th Avenue, 32 feet, 6 inches; thence at right angles southeasterly 110 feet; thence at right angles northeasterly 32 feet, 6 inches; thence at right angles northwesterly 110 feet to the point of beginning.

Initials: RGE

RECORDING REQUESTED BY
**FIDELITY NATIONAL TITLE INSURANCE**
MAIL TAX STATEMENT TO

001    90250611

WHEN RECORDED MAIL TO

Name: Romana G. Elenes
Street Address: Jose Luis Elenes
1122 98th Avenue
City & State: Oakland, CA 94603

CITY TAX PAID

Recorded at Request of
Fidelity National Title Co.

AT 8:30 A.M. SEP 20 1990

Official Records of
Alameda County, California
RENE C. DAVIDSON,
COUNTY RECORDER

TRANSFER TAX PAID
ALAMEDA COUNTY

ORDER NO. 702261
ESCROW NO. 702261-IJ

SPACE ABOVE RECORDER'S USE ONLY

## GRANT DEED (INDIVIDUAL)

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 110.00    City T/T $950.00
(XX) Computed on full value of property conveyed, or
(  ) Computed on full value less value of liens and encumbrances remaining at time of sale.
(  ) Unincorporated area (XX) City of Oakland
Tax Parcel No. 044-4976-004

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Shihadeh Ali Abdallah and Basman Abdallah, his wife

hereby GRANT(S) to    Romana G. Elenes, a married woman, as her sole and separate property

and Jose Luis Elenes, a single man, as Tenants In Common

the following described real property in the  City of Oakland
County of   Alameda                    , State of California:

For Legal Description See Exhibit "I" Attached Hereto And Made A Part Hereof.

Dated September 11, 1990

Shihadeh Ali Abdallah

BASMAH ABDALLAH
Basman Abdallah

STATE OF CALIFORNIA
County of Alameda

On this 11th day of September 19 90, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Shihadeh Ali Abdallah AND BASMAN Abdallah

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person S whose name S ARE subscribed to the within instrument and acknowledged that they executed the same.

WITNESS my hand and official seal.

Notary Public in and for said County and State.

OFFICIAL SEAL
IOLA JAMES
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires May 19, 1993

(Notary Seal)

FD-13B (Rev. 9/88)    MAIL TAX STATEMENT AS DIRECTED ABOVE

702261

90250611

Order No.: 702261

EXHIBIT "L"

Portion of Lot 2, Block E, Map of the Andrew Jones Subdivision in the Town of Brooklyn, filed September 30, 1892, Map Book 14, Page 3, Alameda County Records, described as follows:

Beginning at the point of the Southeastern line of 98th Avenue, formerly Jones Avenue, distant thereon 57 feet 6 inches Southwesterly from the Southwesterly line of "C" Street, formerly 3rd Street, as said avenue and street are shown on said map; thence Southwesterly along said line of 98th Avenue 32 feet 6 inches; thence at right angles Southeasterly 110 feet; thence at right angles Northeasterly 32 feet 6 inches; thence at right angles Northwesterly 110 feet to the point of beginning.

Assessors Parcel No. 044-4976-004